RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3438-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MITCHELL D. YASUK,

 Defendant-Appellant.
____________________________

 Submitted September 12, 2017 – Decided October 13, 2017

 Before Judges Reisner and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Ocean County, Indictment No. 09-
 07-1274.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Lee March Grayson, Designated
 Counsel, on the brief).

 Joseph D. Coronato, Ocean County Prosecutor,
 attorney for respondent (Samuel Marzarella,
 Chief Appellate Attorney, of counsel; Shiraz
 Imran Deen, Assistant Prosecutor, of counsel
 and on the brief).

PER CURIAM
 Defendant Mitchell D. Yasuk appeals from a December 21, 2015

order denying his petition for post-conviction relief (PCR)

following an evidentiary hearing. We affirm.

 I.

 In January 2009, defendant was indicted and charged with two

crimes: second-degree luring, N.J.S.A. 2C:13-6, and fourth-degree

lewdness, N.J.S.A. 2C:14-4(b)(1). The charges against defendant

arose out of reports by several witnesses that defendant had lured

and attempted to lure a child into his apartment and then exposed

his penis to the child. Defendant had previously been convicted

of two counts of fourth-degree endangering the welfare of a child,

N.J.S.A. 2C:24-4(a).

 When arrested in 2008, he was living in an apartment that was

part of a three family home. Tenants in the other apartments

reported that on several occasions defendant attempted to lure

their children into his apartment when he was naked or when his

penis was exposed.

 In July 2009, defendant pled guilty to second-degree luring,

N.J.S.A. 2C:13-6, and third-degree attempting to endanger the

welfare of a child, N.J.S.A. 2C:5-1 and 2C:24-4(a). In pleading

guilty, defendant testified that in July 2008, he brought a puppy

into his apartment to purposefully lure a child into his apartment

so that he could expose his private parts to the child to arouse

 2 A-3438-15T3
his own sexual desire. Defendant also admitted that the child had

followed him into the apartment, defendant was naked, and

defendant's purpose was to attempt to endanger the morals of the

child.

 At the time of his guilty plea, defendant signed two

supplemental plea forms concerning additional questions for

certain sex offenders. Those forms expressly informed defendant

that, given the crimes to which he was pleading guilty, he could

be subject to civil commitment following the completion of his

sentence. Those forms were then reviewed with defendant during

his plea.

 Consistent with the negotiated plea agreement, on the

conviction for luring defendant was sentenced to six years in

prison with five years of parole ineligibility. On the conviction

for attempting to endanger the welfare of a child, he was sentenced

to a concurrent term of five years in prison. In accordance with

Megan's Law, N.J.S.A. 2C:7-1 to -11, defendant was also sentenced

to parole supervision for life.

 Defendant did not appeal his conviction or sentence. Instead,

in August 2013, defendant filed this petition for PCR. The PCR

court held an evidentiary hearing and heard testimony from

defendant and defendant's trial counsel. In connection with the

hearing, the PCR court denied defendant's request to present expert

 3 A-3438-15T3
and factual testimony from an attorney on the issue of ineffective

assistance of counsel.

 Following the hearing, the court denied defendant's PCR

petition and issued a written decision explaining the ruling. The

PCR judge reviewed defendant's contention that his trial counsel

had been ineffective in failing properly to investigate the case

and in not explaining to defendant that he could be subject to

civil commitment after he served his sentence.

 With regard to the failure to investigate, the court reviewed

two certifications from proposed defense witnesses, but found that

the proffered testimony was not material. Specifically, the court

found that the two witnesses would have testified about defendant's

physical condition and a dispute concerning rent with the tenants.

The PCR judge found that the proposed testimony concerning the

rent dispute was inadmissible hearsay, and that trial counsel was

aware of defendant's physical conditions.

 Turning to the question of whether defendant was aware of the

possibility of civil commitment, the judge found that defendant

was well aware of that possibility. Specifically, the judge

pointed out that in the plea forms and during the plea colloquy,

defendant had been informed that he was subject to possible civil

commitment. The court also found defendant's claim that he was

not aware of the potential for civil commitment to be incredible.

 4 A-3438-15T3
 Turning to the proffer of testimony from the attorney who was

offered as an expert and fact witness, the court found that there

was no reason to allow the testimony because expert testimony was

not necessary and, as to the facts, the expert was only offering

hearsay.

 II.

 On appeal, defendant makes five arguments, which he

articulates as follows:

 POINT I – POST-CONVICTION RELIEF SHOULD BE
 GRANTED AND THE DEFENDANT'S CONVICTION
 REVERSED BECAUSE TRIAL COUNSEL WAS DEFICIENT
 BY NOT PROVIDING ADVICE TO THE DEFENDANT ABOUT
 THE RISK OF CIVIL COMMITMENT UPON COMPLETION
 OF INCARCERATION, PURSUANT TO THE SEXUALLY
 VIOLENT PREDATOR ACT (SVPA), IN VIOLATION OF
 THE UNITED STATES AND NEW JERSEY
 CONSTITUTIONS.

 POINT II – POST-CONVICTION RELIEF SHOULD BE
 GRANTED AND THE DEFENDANT'S CONVICTION
 REVERSED BECAUSE TRIAL COUNSEL DID NOT CONDUCT
 AN ADEQUATE INVESTIGATION, FAILED TO CONTACT
 KEY DEFENSE WITNESSES AND NEGLECTED TO OBTAIN
 THE DEFENDANT'S MEDICAL RECORDS, WHICH WOULD
 HAVE REVEALED A VIABLE DEFENSE, DUE TO HIS
 MEDICAL PROBLEMS, AND DEMONSTRATED THAT THE
 TENANTS HAD A MOTIVE TO FABRICATE A STORY TO
 AVOID EVICTION.

 POINT III – POST-CONVICTION RELIEF SHOULD BE
 GRANTED AND THE DEFENDANT'S CONVICTION
 REVERSED BECAUSE THE DEFENDANT HAS
 DEMONSTRATED A COLORABLE CLAIM OF INNOCENCE
 AND SATISFIED THE SLATER CRITERA.

 POINT IV – THE PCR COURT ERRED BY BARRING
 REBUTTAL TESTIMONY FROM ATTORNEY JOAN VAN PELT

 5 A-3438-15T3
 WHO WAS RETAINED AS AN EXPERT WITNESS FOR THE
 DEFENDANT IN HIS PETITION AND TO WHOM DEFENSE
 COUNSEL ADMITTED THAT NO INVESTIGATION WAS
 CONDUCTED IN PREPARATION FOR TRIAL OR ADVICE
 GIVEN REGARDING THE RISK OF CIVL COMMITMENT
 IF THE PLEA OFFER TO THE ACCUSATION WAS
 ACCEPTED.

 POINT V – THE PCR COURT ERRED BY BARRING EXPERT
 TESTIMONY FROM ATTORNEY VAN PELT ON THE ISSUE
 OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
 BECAUSE SHE POSSESSED SPECIALIZED KNOWLEDGE
 REGARDING POLICY AND TRAINING AT THE PUBLIC
 DEFENDER'S OFFICE PERTAINING TO THE DEFENSE
 OF SEX CRIME CASES AND SVPA THAT WOULD HAVE
 ASSISTED THE TRIER OF FACT TO UNDERSTAND THE
 EVIDENCE

 The record and law do not support any of these arguments. We

will briefly address each argument.

 A. The Possibility of Civil Commitment

 When defendant pled guilty, he expressly affirmed that he

understood that he could be civilly committed for up to life if,

after a hearing, the court found that defendant was in need of

involuntary civil commitment. That risk was disclosed both in the

plea forms and in the colloquy with the plea judge. Moreover, at

the PCR hearing, defendant's trial counsel testified that he

discussed the possibility of civil commitment with defendant and

that defendant affirmed that he understood that possibility. The

PCR judge found that testimony to be credible. We discern no

basis to disturb the judge's credibility determination. See State

 6 A-3438-15T3
v. Nash, 212 N.J. 518, 540 (2013) (recognizing the deference due

to a credibility finding made by a PCR judge after a hearing).

 B. Defendant's Claim That Trial Counsel Was Ineffective

 To establish a claim of ineffective assistance of counsel, a

defendant must show that counsel rendered inadequate

representation and that the deficient performance caused defendant

prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.

Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105

N.J. 42, 52 (1987). In that regard, a defendant seeking to set

aside a guilty plea must demonstrate that counsel's assistance was

not "within the range of competence demanded of attorneys in

criminal cases," and "that there is a reasonable probability that,

but for counsel's errors, defendant would not have pled guilty and

would have insisted on going to trial." See State v. DiFrisco,

137 N.J. 434, 457 (1994) (quoting Tollett v. Henderson, 411 U.S.

258, 266, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235, 243 (1973), and

Hill v. Lockhart, 474 U.S. 52, 60, 106 S. Ct. 366, 370, 88 L. Ed.

2d 203, 210 (1985)).

 Here, defendant contends that his trial counsel was deficient

for two reasons. First, he claims that counsel failed to

investigate his case. Second, he claims that counsel failed to

inform him of the possibility of civil commitment. We have already

 7 A-3438-15T3
upheld the PCR judge's finding that defendant was informed of the

possibility of civil commitment and, thus, that claim fails.

 In support of his claim that his trial counsel failed to

investigate the case, defendant submitted affidavits from two

witnesses. As already summarized, those witnesses claim that they

had spoken to defendant about a rental dispute with the parents

of the child who was the subject of the luring. The PCR court

correctly found that such testimony would have been inadmissible

hearsay. N.J.R.E. 801(c). The witnesses also proposed to testify

about defendant's weak physical condition. The PCR judge found

that trial counsel was well aware of defendant's limited physical

condition and considered that fact in connection with discussing

the guilty plea with defendant. That finding is supported by

substantial credible evidence in the record and we find no basis

to disagree with that finding.

 C. Defendant's Request To Withdraw His Guilty Plea

 Defendant also claims that he is innocent and should be

allowed to withdraw his guilty plea. Courts evaluate four factors

in assessing whether a defendant has demonstrated a valid basis

for withdrawing a guilty plea. State v. Slater, 198 N.J. 145,

157-58 (2009). Those factors are (1) whether defendant has

asserted a colorable claim of innocence; (2) the nature and

strength of defendant's reason for withdrawal; (3) the existence

 8 A-3438-15T3
of a plea bargain; and (4) whether withdrawal would result in

unfair prejudice to the State or unfair advantage to the accused.

Id. Evaluating those Slater factors in light of the record in

this case, defendant has not established a basis to withdraw his

guilty plea.

 First, defendant has failed to demonstrate a colorable claim

of innocence. He has pointed to nothing in the record to support

his assertion of innocence. Second, defendant has not demonstrated

that the reasons for his request for withdrawal are strong. In

that regard, he relies on his arguments concerning the ineffective

assistance of counsel. We have already analyzed those arguments

and they do not have merit. Third, there was a negotiated plea

agreement. Had defendant gone to trial, he could have been

sentenced to over eleven years in prison. Under the plea bargain,

he received an aggregate sentence of six years. Finally, the

interests of justice do not support vacating defendant's guilty

plea.

 D. The PCR Court's Decision Not To Allow Testimony
 From A Proposed Attorney Expert Witness

 As already noted, the PCR judge did not allow defendant to

call an attorney as a proposed expert and fact witness. That

attorney had interviewed trial counsel and planned to offer expert

testimony related to the claim of ineffective assistance of

 9 A-3438-15T3
counsel. The attorney also proposed to offer testimony about what

trial counsel had told her.

 The PCR judge did not abuse his discretion in determining

that he did not need to hear from an expert concerning the question

of ineffective assistance of counsel. N.J.R.E. 702; see State v.

Martini, 160 N.J. 248, 263 (1999) (affirming a PCR court's decision

to not allow expert testimony because it would not assist the

trier of fact), cert. denied, 543 U.S. 1025, 125 S. Ct. 662, 160

L. Ed. 2d 503 (2004). Moreover, we find no abuse of discretion

in the court's decision not to hear any factual testimony the

expert might have offered because it would not have changed the

result of the PCR decision.

 Affirmed.

 10 A-3438-15T3